UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| GLENNDALE HODGES, | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | )    No. 19-2276 |
| | ) |
| TIMOTHY BOKOWSKI, et. al., | ) |
|    Defendants. | ) |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

Plaintiff originally submitted only a motion for appointment of counsel stating he needed an attorney to assist in pursuing his claims against the Kankakee County Jail. [1]. Since Plaintiff was proceeding *pro se,* the motion was filed as a complaint. [1], *See Bahler v Lopez*, 2007 WL 1375924 (7th Cir. May 10, 2007)(clerk may not refuse pro se plaintiff's initial submission, a letter, for failing to follow Fed.R.Civ.P. 8).

However, the Court noted it was unclear if Plaintiff intended to file a complaint and therefore gave him additional time to clarify his intentions. If Plaintiff did intend to pursue a lawsuit, he was instructed to file an amended complaint and either pay the $400 filing fee in full, or a motion to proceed *in forma pauperis* (IFP). *See* January 7, 2020 Text Order. Plaintiff responded with his amended complaint and IFP motion. {3, 4],

The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2)

1

seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff alleges three Defendants violated his rights at the Kankakee County Jail including Sheriff Timothy Bokowski, Officer Michael Downey, and Corrections Chief Chad Kolitwensew.

On May 21, 2018, Plaintiff began a jury trial which lasted for three days. Each time Plaintiff returned to the jail, officers conducted a strip search. Plaintiff told the officers they could not conduct "unlawful" strip searches. (Amd. Comp, p. 5).

It appears Plaintiff was a pretrial detainee at the time of his allegations and therefore his claim is pursuant to the Fourteenth Amendment. "[A] pretrial detainee can prevail by providing objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2475 (2015)(internal citation omitted); *see Streeter v. Sheriff of Cook County*, 576 F.Supp.2d 913, 917 (N.D.Ill. Sept. 15, 2008)(applying standard to strip search of pretrial detainee). Only strip searches which are "maliciously motivated, unrelated to institutional security, and hence totally without penological justification are considered unconstitutional." *Whitman v. Nesic,* 368 F.3d 931, 934 (7th Cir.2004). Therefore, "to state a due process claim, the plaintiff must allege that the strip search was 'conducted in a harassing manner intended to humiliate and inflict psychological pain.'" *Streeter,* 576 F.Supp.2d at 917; quoting *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir.2003).

Plaintiff simply says he should not have been strip searched, but he does not explain why he believes the strip search was unconstitutional. In addition, Plaintiff has failed to explain how any of the named Defendants were involved in any of the strip searches. *See Potter v Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974)("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints.").

Plaintiff next alleges he wrote a grievance on June 1, 2018 and appealed the grievance on June 10, 2018, but Plaintiff says jail officials intentionally "removed" his grievance so he could not pursue a lawsuit. (Amd. Comp., p. 5). If Plaintiff was attempting to state a claim based on jail officials failure to process his grievances, he has failed to articulate a violation of his constitutional rights. "[T]he fact that prison officials denied, mishandled, or refused to consider grievances or claims raised by grievances 'by persons who otherwise did not cause or participate in the underlying conduct states no claim.'" *See Champ v. Simmon*, 2020 WL 584083, at *3 (S.D.Ill. Feb. 6, 2020), *quoting Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).

The Court will therefore dismiss Plaintiff's amended complaint for failure to state how the named Defendants were involved in his claims, and failure to state why the strip searches violated his constitutional rights. The Court will allow Plaintiff one final opportunity to file an amended complaint.

3

Plaintiff's amended complaint must stand complete on its own and must not make reference to any previous complaint. Plaintiff should provide the date of each strip search and who was involved or directly ordered *each* strip search. If Plaintiff is unsure of a Defendant's name, he may instead provide descriptive information such as the date, time, and place of the search and a general physical description of the individual. Plaintiff should also state why he believes the search violated his constitutional rights.

To the extent Plaintiff's original filing asks for the appointment of counsel, Plaintiff is advised he has no constitutional right to the appointment of counsel, and the Court cannot require an attorney to accept *pro bono* appointment in a civil case. In considering Plaintiff's motion, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

Plaintiff has provided evidence demonstrated he has attempted to find counsel on his own. Nonetheless, Plaintiff must first clarify his claims by providing additional information. The motion is denied.

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed as a violation of Rule 8 of the Federal Rules of Civil Procedure.

2) Plaintiff must file an amended complaint in compliance with this order within 21 days or on or before May 4, 2020. If Plaintiff fails to file his amended complaint on or before May 4, 2020, or fails to follow the Court's directions, his case may be dismissed.

3) Plaintiff's motion for appointment of counsel is denied with leave to renew after he clarifies his claims.

4) The Clerk is to provide Plaintiff with a blank complaint form to assist him, and reset the internal merit review deadline within 30 days. the fact that prison officials denied, mishandled, or refused to consider grievances or claims raised by grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim."

ENTERED this 13th day of April, 2020.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE