E-FILED
Friday, 09 October, 2020 12:14:42 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| GLENNDALE HODGES,  Plaintiff, | ) )  ) |
| vs. | )  No. 19-2276 ) |
| TIMOTHY BOKOWSKI, et. al.,  Defendants. | ) )  ) |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for consideration of Plaintiff's motion for leave to file a second amended complaint. [10].

Plaintiff initially submitted a motion for appointment of counsel asking for an attorney to assist in pursuing his claims against the Kankakee County Jail. [1]. The document was filed as a complaint since Plaintiff was proceeding *pro se*, but Plaintiff was given time to clarify whether he intended to initiate a lawsuit and if so, to file the appropriate documents. *See* January 7, 2020 Text Order. Plaintiff responded with his first amended complaint and IFP motion. [3, 4].

Plaintiff's complaint centered on strip searches at the jail, but Plaintiff failed to state who was involved and he failed to clearly articulate a constitutional violation. Therefore, the complaint was dismissed, but Plaintiff was given additional time and instructions to assist in filing a second amended complaint to clarify his claims. *See* April 13, 2020 Merit Review Order.

Plaintiff should provide the date of each strip search and who was

1

involved or directly ordered *each* strip search. If Plaintiff is unsure of a Defendant's name, he may instead provide descriptive information such as the date, time, and place of the search and a general physical description of the individual. April 13, 2020 Merit Review order, p. 4.

Plaintiff has now responded with his motion for leave to file a second amended complaint. [10]. The motion is granted pursuant to Federal Rule of Civil Procedure 15. [10].

The Court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's second amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff says on May 21, 2018, he began a three-day jury trial. Each time he returned to the jail he was subjected to a strip search. Plaintiff then describes the manner in which the searches were conducted and claims the guards appeared to be "getting a kick" out of the process. (Comp., p. 5). Based on his allegations, Plaintiff appears to be alleging the guards were intentionally trying to degrade him.

As the Court has previously noted, only strip searches which are "maliciously motivated, unrelated to institutional security, and hence totally without penological justification are considered unconstitutional." *Whitman v. Nesic,* 368 F.3d 931, 934 (7th Cir.2004). Therefore, "to state a due process claim, the plaintiff must allege that the strip search was 'conducted in a harassing manner intended to humiliate and inflict

psychological pain.'" *Streeter,* 576 F.Supp.2d at 917; *quoting Calhoun v. DeTella,* 319 F.3d 936, 939 (7th Cir. 2003).

Since Plaintiff was returning to the facility from an outside location, it is likely the searches could be linked to security measures. However, the Court must also accept the *pro se* Plaintiff's factual allegations as true, liberally construing them in the Plaintiff's favor. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013); *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Therefore, the Court finds Plaintiff has adequately alleged a constitutional violation based on the three strip searches.

Plaintiff has identified only one individual in his list of Defendants: Kankakee County Jail Corrections Chief Chad Kolitwensew. In the body of his complaint, Plaintiff states Officer Long and another individual actually conducted the searches on May 21, 22, and 23 of 2018. However, the officers told Plaintiff the searches were ordered by Defendant Kolitwensew.

While Plaintiff did not include the name of the second individual involved in the strip searches, he has provided a physical description. Therefore, Plaintiff may proceed against this John Doe Defendant.

Consequently, Plaintiff has stated an individual capacity claim against Defendants Kolitwensew, Officer Long, and the John Doe Officer for the three, unconstitutional strip searches. However, before the Court can indicate the constitutional basis of his claims, Plaintiff must clarify whether he was a pretrial detainee or a convicted prisoner at the time of his allegations. *See Mulvania v. Sheriff of Rock Island County*, 850 F.3d 849, 856 (7th Cir. 2017)(fourteenth amendment applies to

pretrial detainee's claim of unconstitutional strip search, eighth amendment to convicted prisoners); *see also Henry v. Hulett*, 969 F.3d 769, 774 (7th Cir. 2020)(finding a limited fourth amendment protection for both pretrial detainees and convicted prisoners subjected to strip searches).

Plaintiff has not articulated an official capacity claim based on a policy or practice at the jail. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978). In addition, since Plaintiff no longer identifies Timothy Bokowski or Michael Downey as Defendants, these individuals will be dismissed.

IT IS THEREFORE ORDERED that:

1) Pursuant to its merit review of the second amended complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendants Kolitwensew, Officer Long, and Officer John Doe violated Plaintiff's constitutional rights based on strip searches on May 21, 22, and 23 of 2018 at the Kankakee County Jail. The claims are stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as

4

premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of her filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at her place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in her mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendants Timothy Bokowski and Michael Downey for failure to state a claim upon which relief can be granted; 2) Add Defendant Jail Officer Long and Jail Officer John Doe; 3) Attempt service on Defendants pursuant to the standard procedures; 4) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter**

**scheduling deadlines; and 5) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 9th day of October, 2020.

                                  s/James E. Shadid
                        _____
                                  JAMES E. SHADID
                        UNITED STATES DISTRICT JUDGE